UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------X
NICOLE PAPPAS,                      :    NO. 3:04CV304 (EBB)
                                    :
        Plaintiff,                  :
             v.                     :
                                    :
WATSON WYATT & COMPANY              :
                                    :
        Defendant.                  :
------------------------------------X
```

AMENDMENT TO RULING ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, INTEREST, AND RELIEF FROM TAX CONSEQUENCES AND PLAINTIFF'S MOTION FOR SUPPLEMENTAL ATTORNEYS' FEES AND COSTS [Doc. No. 149]

In the Court's previous Ruling on the Plaintiff's Motion for Attorneys' Fees and Costs, Interest and Relief From Tax Consequences and Plaintiff's Motion for Supplemental Attorneys' Fees and Costs (Doc. No. 149), the Court made an error which it now corrects.

In Section C of its Ruling, the Court clearly stated that it would not award pre-judgment interest on the portion of damages compensating the Plaintiff for the penalty and taxes she paid when she was forced to withdraw funds from her retirement account prematurely. (See Doc. No. 149 at 24-25.) However, in the concluding paragraph of Section C of the Ruling, while summarizing the damages elements on which the Plaintiff is entitled to pre-judgment interest, the Court mistakenly directed the parties to calculate pre-judgment interest on the Plaintiff's "lost bonus and taxes and penalty incurred as a result of her early withdrawal from

1

her retirement account." (Id. at 26.) It should now be clear that the Plaintiff is not entitled to pre-judgment interest on the taxes and penalty she incurred as a result of her early withdrawal from her retirement account.

In addition, the Court clarifies an additional point. The Court's reasoning in declining to award pre-judgment interest on the taxes and penalties associated with the Plaintiff's early invasion of her retirement account applies equally to the $394.78 in damages awarded to compensate the Plaintiff for having lost employer matching contributions as a result of having invaded her retirement account. Therefore, the Plaintiff is not entitled to pre-judgment interest on the portion of her award reflecting the lost employer matching contributions.

SO ORDERED.

/s/
ELLEN BREE BURNS
SENIOR U.S. DISTRICT JUDGE

Dated at New Haven, Connecticut this 5th day of February, 2008.