UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------X
NICOLE PAPPAS,                      :
                                    :
        Plaintiff,                  :
             v.                     :    NO. 3:04CV304 (EBB)
                                    :
WATSON WYATT & COMPANY              :
                                    :
        Defendant.                  :
------------------------------------X
```

## RULING ON PLAINTIFF'S CALCULATION OF PRE- AND POST-JUDGMENT INTEREST [Doc. No. 150]

Before the Court are a number of issues relating to the amount of pre- and post-judgment interest to which the Plaintiff is entitled. In a previous ruling, the Court directed the Plaintiff to submit a proposed calculation of the pre-judgment interest to be awarded. (See Ruling on Plaintiff's Motion for Attorneys' Fees and Costs, Interest and Relief From Tax Consequences and Plaintiff's Motion for Supplemental Attorneys' Fees and Costs (Doc. No. 149), hereinafter "Ruling on Fees, Costs and Interest," at 26.) In response, the Plaintiff submitted the Declaration of Anne L. Clark in Support of Plaintiff's Calculation of Pre-Judgment and Request for Post-Judgment Interest on the Award of Attorney's Fees and Costs. (Doc. No. 150, hereinafter "Clark Decl.") In her Declaration, the Plaintiff's counsel sets out the amount of pre-judgment interest to which she claims the Plaintiff is entitled.

1

In addition, Plaintiff's counsel asks the Court to clarify whether the Plaintiff is entitled to post-judgment interest on the attorneys' fees and costs awarded in this case.

**A.     Pre-Judgment Interest**

The Court has previously ruled that pre-judgment interest should be calculated at the Connecticut statutory rate of 10%. (See Ruling on Fees, Costs and Interest at 25-26.) Prior to the Court's Ruling on Fees, Costs and Interest, the Plaintiff requested that the Court calculate interest at this rate, and the Defendant did not, at that point, argue that the Court should apply any other rate. However, the Defendant now asks the Court to reconsider its previous decision and to award pre-judgment interest at the lower federal interest rate set forth in 28 U.S.C. § 1961(a). (See Defendant's Opposition to Plaintiff's Calculation of Pre-Judgment and Request for Post-Judgment Interest on the Award of Attorneys' Fees and Costs (Doc. No. 153), hereinafter "Def.'s Opp.," at 4-6.) In support of its argument for a lower interest rate, the Defendant cites the decisions of courts that have calculated pre-judgment interest at the federal interest rate.

The Court does not find it necessary to reconsider its previous ruling. A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the

2

court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). In its previous ruling, the Court noted that in cases that involve violations of both federal and state law, as this case does, "it is common practice in the Second Circuit to apply the federal interest rate pursuant to 28 U.S.C. § 1961(a)." (See Ruling on Fees, Costs and Interest at 25 (quoting Cioffi v. New York Cmty. Bank, 465 F. Supp. 2d 202, 222 (E.D.N.Y. 2006)). However, the Court exercised its discretion to award a different rate. See Vernon v. Port Authority of New York and New Jersey, 220 F. Supp. 2d 223, 236 (S.D.N.Y. 2002) ("The rate at which the prejudgment interest is calculated is within the Court's discretion") (citing Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1071 (2d Cir. 1995)). Therefore, the Court previously considered - and rejected - the arguments now advanced by the Defendant. Reconsideration is not appropriate because this is not a situation in which the Defendant has brought to the Court's attention an argument or fact that was previously overlooked.

The appropriate time for the Defendant to have argued that the Court should apply the federal interest rate would have been in the Defendant's memorandum in opposition to the Plaintiff's motion for pre-judgment interest. The Court is not persuaded by the Defendant's explanation for its failure to raise this argument until after the issue had been considered and decided by the Court.

3

Prior to the Court's ruling, the Defendant took the position that the Court should not award any pre-judgment interest whatsoever. The Defendant now seems to claim that, having taken this position, it would have been inconsistent to have contested the rate of interest. (See Def.'s Opp. at 5.) However, it is unclear what, if anything, would have prevented the Defendant from arguing, at the appropriate time, in the alternative, that the Court should award a lower interest rate.

The Defendant attempts to explain its delay in raising this argument by claiming that its earlier position - that no pre-judgment interest should be awarded - was taken "in good faith and supported by well-reasoned decisions in both this district and in state courts." (Def.'s Opp. at 5.) The Court finds it difficult to credit this statement. The Defendant has failed to cite any of these "well-reasoned decisions" denying prejudgment interest on awards under Title VII. (See Def.'s Opp. at 5; see also Doc. No. 130 at 24-25.) It is unlikely that any such decisions are to be found given that the Second Circuit has "held that 'it is ordinarily an abuse of discretion not to include pre-judgment interest in a back-pay award'" under Title VII. Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 145 (2d Cir. 1993) (quoting Clarke v. Frank, 960 F.2d 1146, 1154 (2d Cir. 1992)). Furthermore, the Court recalls that the Defendant's principal arguments against awarding pre-judgment interest on the damages for lost wages and

COBRA contributions were that these portions of the award were not recorded in the original judgment entered after the jury verdict and that defense counsel's stipulations to these portions of the award were not reflected in the record. (See Doc. No. 130 at 24-25.) This argument was both misleading and erroneous because the jury's verdict unquestionably entitled the Plaintiff to awards for lost wages and COBRA contributions, and because the Defendant had, in fact, stipulated to these damages on the record. (See Ruling on Fees, Costs and Interest at 24.) Pre-judgment interest will therefore be calculated at the rate of 10% as specified in the Court's previous ruling.

The Plaintiff points out that the Court's previous ruling was unclear with respect to whether pre-judgment interest was to be awarded on the damages associated with the Plaintiff's early withdrawal from her retirement account. The Court has since clarified it's ruling. (See Amendment to Ruling on Plaintiff's Motion for Attorneys' Fees and Costs, Interest, and Relief From Tax Consequences and Plaintiffs' Motion for Supplemental Fees and Costs.) Pre-judgment interest will not be awarded on the $394.78 compensating the Plaintiff for lost employer matching contributions to her retirement account. Nor will pre-judgment interest be awarded for the damages compensating her for the taxes and penalties she paid as a result of her early withdrawal from her retirement account.

Accordingly, following the Plaintiff's proposed calculations but subtracting interest based on the damages associated with the Plaintiff's early withdrawal from her retirement account, the Court finds that the Plaintiff is entitled to pre-judgment interest in the amount of $25,813.35.

**B.  Post-Judgment Interest**

The Plaintiff also asks to Court to clarify its previous ruling so as to include post-judgment interest on all attorneys' fees and costs awarded in this case.

Under 28 U.S.C. § 1961, the Plaintiff is entitled to post-judgment interest on "any money judgment in a civil case recovered in a district court."  Courts have held that the phrase "'any money judgment' includes a judgment awarding attorneys' fees." Albahary v. City and Town of Bristol, 96 F. Supp. 2d 121, 122 (D. Conn. 2000) (citing MidAmerica Federal Savings & Loan Ass'n v. Shearson/American Exp., Inc., 962 F.2d 1470, 1476 (10th Cir. 1992); Foley v. City of Lowell, 948 F.2d 10 (1st Cir. 1991); Mathis v. Spears, 857 F.2d 749, 760 (Fed. Cir. 1988)).  Therefore, the Plaintiff is entitled to post-judgment interest on her award of attorneys' fees and costs.

In determining the date on which post-judgment interest on attorneys' fees and costs accrues, the Court adopts the approach followed by the majority of the circuits and adopted by the district court in Albahary.  Under this approach, "interest should

accrue from the date the party becomes entitled to the award even if that award is not quantified until a later point." Albahary, 96 F. Supp. 2d 123 (citations omitted). Because attorneys' fees are awarded to plaintiffs prevailing under Title VII almost without exception, the Plaintiff was entitled to attorneys' fees as of the date of the original judgment in this case, even though the Court did not rule on attorneys' fees at that point. See, e.g., Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 292 (1st Cir. 2001) (explaining that "[a]lthough [the] fee-shifting provision is couched in permissive terminology, awards in favor of prevailing civil rights plaintiffs are virtually obligatory"); Blanchard v. Bergeron, 489 U.S. 87, 89 n. 1 (1989) (noting that a prevailing plaintiff should recover fees under 42 U.S.C. § 1988 except where "special circumstances would render such an award unjust") (quotations omitted). Therefore, post-judgment interest on the award of attorneys' fees and costs accrued on the date of the original judgment. See Parker v. Town of Swansea, 310 F. Supp. 2d 376, 401 (D. Mass. 2004) (holding that post-judgment interest on attorneys' fees accrued on the date of the jury verdict even though the issue of attorneys' fees and costs was not addressed until a later date).

Interest on attorneys' fees and costs, as well as on any other money judgment in this case, shall be calculated as provided for in 28 U.S.C. § 1961 and shall accrue on December 21, 2006, the date

judgment was originally entered in this case.  (<u>See</u> Doc. No. 101.)

                        SO ORDERED.

                        <u>  /s/                    </u>
                        ELLEN BREE BURNS
                        SENIOR U.S. DISTRICT JUDGE

Dated at New Haven, Connecticut this 7th day of February, 2008.